## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NICOLAS A. FERRY** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:20-cv-00592** |
| | § | |
| **BILAL MAMEDOV and** | § | |
| **BOSKURT TRANPORT, INC.** | § | |

### DEFENDANT, BILAL MAMEDOV'S NOTICE OF REMOVAL

COMES NOW Bilal Mamedov, one of the Defendants in the above entitled and numbered cause, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and without waiving any of his defenses, hereby gives Notice of Removal of this case from the 285th Judicial District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and shows unto the Court as follows:

### I.
### INTRODUCTION

1.      On or about April 16, 2020, Defendant Bilal Mamedov ("Defendant Mamedov") was served with Plaintiff's Original Petition and Application for Temporary Restraining Order and Request for Temporary Injunction filed in the 285th Judicial District in Bexar County, Texas, Cause No. 2020CI06408. On or about April 10, 2020, Defendant Boskurt Transport, Inc. ("Defendant Boskurt") was served with said petition as well and consents to this removal. On May 8, 2020, Defendants filed their Original Answer to Plaintiff's Original Petition and Application for Temporary Restraining Order, Jury Demand, and Request for Disclosure in State District Court. Plaintiff alleges personal injuries arising out a motor vehicle accident that occurred on or about January 26, 20202 of IH-10 East in San Antonio, Texas.[1] Plaintiff alleges Defendant

---

[1] See Plaintiff's Original Petition attached hereto as Exhibit C-1.

Mamedov, operating a tractor-trailer owned by Defendant Boskurt, was negligent in merging into Plaintiff's lane and colliding with Plaintiff's vehicle.[2]  Further, Plaintiff alleges a myriad of direct negligence claims against Defendant Boskurt and respondeat superior. Defendant Boskurt is the employer of Defendant Mamedov and owner of the tractor-trailer involved in the January 26, 2020 accident that forms the basis of Plaintiff's suit.[3] Plaintiff seeks over $1,000,000 dollars in actual damages as a result of the personal injuries allegedly sustained in the incident.[4]

2.    Defendant Mamedov files this Notice of Removal within 30-days of its receipt of Plaintiff's Original Petition pursuant to 28 U.S.C. § 1446 (b)(1), and Defendant Boskurt consents to the removal.

## II.
## BASIS FOR REMOVAL

3.    Removal is proper in this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

4.    Plaintiff Nicolas A. Ferry alleges to be an individual residing in the State of Texas.[5]

5.    Defendant Bilal Mamedov is an individual residing in the State of Kentucky.[6]

6.    Defendant Boskurt Transport, Inc. is a foreign corporation with its principal place of business in Louisville, Kentucky. Defendant Boskurt is considered to be a citizen of the State of Kentucky for purposes of diversity jurisdiction.[7]

---

[2] See Exhibit C-1, at paragraph 6.
[3] See Exhibit C-5, at paragraph 7.
[4] See Exhibit C-1 at paragraph 22.
[5] See Exhibit C-1, at paragraph 2.
[6] See Exhibit C-5 at paragraph 3.
[7] See Exhibit C-5 at paragraph 4.

7.      Plaintiffs allege  that  the amount in controversy exceeds $1,000,000, excluding interest and costs.[8]

## V.
## JURY DEMAND

8.      A jury demand has been filed in the State Court action.[9]

## VI.
## DOCUMENTS FILED WITH THIS NOTICE IN SUPPORT OF REMOVAL

9.       Defendant hereby files the following documents with the Court:

Exhibit A:      Civil Cover Sheet

Exhibit B:      List of Parties and Counsel

Exhibit C:      Index of State Court Documents

Exhibit D:      Notice to State Court of Removal to Federal Court

10.      Promptly after  filing this Notice of Removal, Defendant Mamedov  will file a Notice  of Removal to Federal  Court  with  the 285th Judicial  District  Court, Bexar  County, Texas, as required  by 28 U.S.C. § 1446(d).

## VII.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED,  Defendant Bilal Mamedov  removes  this case from the 285th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

---

[8] See Exhibit C-1 at paragraph 22-23.
[9] See Exhibit C-1 at Section X. Request for Jury Trial.

Respectfully submitted,

**PLUNKETT, GRIESENBECK & MIMARI, INC.**
1635 N.E. Loop 410, Suite 900
San Antonio, Texas 78209
Telephone:  (210) 734-7092
Facsimile:  (210) 734-0379
Email: nmimari@pg-law.com
Email: hdominguez@pg-law.com

_____

**NIK A. MIMARI**
State Bar No. 24013169
**HANNAH M. DOMINGUEZ**
State Bar No. 24096271

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

A true and correct copy of *Defendant, Bilal Mamedov's Notice of Removal* was served via the Court's EC/MCF electronic filing services, certified mail, return, receipt requested, facsimile and/or electronic mail on the following counsel on this 15th day of May 2020:

Paula A. Wyatt                                   e-serve@wyattlawfirm.com
Gavin McInnis
Louis Durbin
Wyatt Law Firm, LTD
Oakwell Farms Business Center
21 Lynn Batts Lanes, Suite 10
San Antonio, TX 78218

_____

**Nik A. Mimari**

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NICOLAS A. FERRY | BILAL MAMEDOV and BOSKURT TRANSPORT, INC. |

**(b)** County of Residence of First Listed Plaintiff   **BEXAR**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paula A. Wyatt, Wyatt Law Firm, Ltd, 21 Lynn Batts Lane, Suite 10, San Antonio, TX 78218; (210) 340-5550; (210) 340-5581 FAX Email: e-serve@wyattlawfirm.com

Attorneys *(If Known)*
Nik A. Mimari, Plunkett Griesenbeck & Mimari, Inc., 1635 NE Loop 410, Suite 900, San Antonio, TX 78209; (210) 734-7092; (210) 734-0379 FAX; Email: nmimari@pg-law.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
          Plaintiff

☐ 3   Federal Question
          *(U.S. Government Not a Party)*

☐ 2   U.S. Government
          Defendant

☒ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
05/15/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Nik A. Mimari

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

### EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICOLAS A. FERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO._____ |
| | § | |
| BILAL MAMEDOV AND | § | |
| BOSKURT TRANSPORT, INC., | § | |
| | § | |
| Defendants. | § | |

## EXHIBIT B
## TO NOTICE OF REMOVAL:  LIST OF PARTIES AND COUNSEL

| NO. | PARTY | COUNSEL |
|---|---|---|
| 1. | **PLAINTIFF:**<br>NICOLAS A. FERRY | Paula A. Wyatt<br>State Bar No. 10541400<br>Gavin McInnis<br>State Bar No. 13679800<br>Louis Durbin<br>State Bar No. 24078448<br>WYATT LAW FIRM<br>Oakwell Farms Business Center<br>21 Lynn Batts Lane, Suite 10<br>San Antonio, Texas 78218<br>210-340-5550 – phone<br>210-340-5581 – fax<br>e-service@wyattlawfirm.com |
| 2. | **DEFENDANT:**<br>BILAL MAMEDOV | Nik A. Mimari<br>State Bar No. 24013169<br>Hannah M. Dominguez<br>State Bar No. 24096271<br>PLUNKETT, GRIESENBECK & MIMARI, INC.<br>1635 N. E. Loop 410, Suite 900<br>San Antonio, Texas 78209<br>210-734-7092 – phone<br>210-734-0379 – fax<br>nmimari@pg-law.com<br>hdominguez@pg-law.com |

| 3. | **DEFENDANT:**<br>BOSKURT TRANSPORT, INC. | Nik A. Mimari<br>State Bar No. 24013169<br>Hannah M. Dominguez<br>State Bar No. 24096271<br>PLUNKETT, GRIESENBECK & MIMARI, INC.<br>1635 N. E. Loop 410, Suite 900<br>San Antonio, Texas 78209<br>210-734-7092 – phone<br>210-734-0379 – fax<br>nmimari@pg-law.com<br>hdominguez@pg-law.com |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICOLAS A. FERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO._____ |
| | § | |
| BILAL MAMEDOV AND | § | |
| BOSKURT TRANSPORT, INC., | § | |
| | § | |
| Defendants. | § | |

**EXHIBIT C**
**INDEX OF STATE COURT DOCUMENTS**

**CAUSE NO. 2020CI06408**
**NICOLAS A. FERRY**
**vs.**
**BILAL MAMEDOV AND**
**BOSKURT TRANSPORT, INC.**
**In the 285th District Court**
**Bexar County, Texas**

| EXH | STATE COURT DOCUMENTS | DATE |
|---|---|---|
| C-1 | Plaintiff's Original Petition and Application for Temporary Restraining Order and Request for Temporary Injunction | 03-30-20 |
| C-2 | Temporary Restraining Order and Setting of Temporary Injunction Hearing | 03-31-20 |
| C-3 | Citation and Return of Service to Boskurt Transport, LLC | 04-06-20 |
| C-4 | Citation to Bilal Mamedov | 04-06-20 |
| C-5 | Original Answer of Bilal Mamedov and Boskurt Transport, Inc., Application for Temporary Restraining Order, Jury Demand and Request for Disclosure. | 05-08-20 |

FILED
3/30/2020 5:51 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Abilez

2CIT/PPS

## 2020CI06408
CAUSE NO. _____

| | | |
|---|---|---|
| NICOLAS A. FERRY, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | **285TH** |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| BILAL MAMEDOV AND | § | |
| BOSKURT TRANSPORT, INC., | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Nicolas A. Ferry, files this, Plaintiff's Original Petition and Application for Temporary Restraining Order, complaining of Defendants, Boskurt Transport, Inc. and Bilal Mamedov, and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY

1.      Plaintiff intends to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

### II.
### PARTIES

2.      **Plaintiff.** Nicolas A. Ferry ("Plaintiff") is a natural person and at all times relevant to this cause of action has been and continues to be a resident of San Antonio, Bexar County, Texas.

3.      **Defendant.** Bilal Mamedov ("Mamedov") is a natural person and at all times relevant to this cause has been and continues to be a resident of Louisville, Jefferson County, Kentucky.  Service upon Defendant Mamedov may be made pursuant to TEX. CIV. PRAC. &

1

EXHIBIT C-1

REM. CODE ANN. §§ 17.061 - 17.069 and the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.041, by service upon the Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., 125 E. 11th Street, Austin, Texas 78701-2483, who shall then forward the citation and petition to Defendant by certified mail, return receipt requested to his residence, 7315 Paiute Road, Louisville, Jefferson County, Kentucky 40214, or wherever he may be found.

4.      **Defendant.** Boskurt Transport, Inc. ("Boskurt Transport") is a Kentucky company doing business in the State of Texas and at all times relevant to this cause and may be served with citation by serving its registered agent for process, Jeffrey Fultz, at 10343 Sam Houston Park #210, Houston, Texas 77064, or wherever he may be found.

### III.
### VENUE

5.      Venue is proper in Bexar County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code, § 15.002 in that all or substantially all of the events concerning this incident occurred in Bexar County, Texas.

### IV.
### FACTS

6.      On January 26, 2020, Plaintiff was driving a 2017 Hyundai Sonata traveling east in the outside lane of IH-10 East in San Antonio, Bexar County, Texas. Defendant Mamedov was operating a 2016 Kwik-Loc tractor/trailer combination, which was owned by and operated on behalf of Defendant Boskurt Transport, traveling east in the inside lane of IH-10, next to Plaintiff's vehicle. As the vehicles approached the intersection at FM 1516, Defendant Mamedov suddenly and without warning merged into Plaintiff's lane while it was unsafe to do so. As he changed lanes Defendant Mamedov's trailer violently collided with the driver's side of Plaintiff's vehicle. As a result of the collision, Plaintiff suffered severe and debilitating injuries.

2

EXHIBIT C-1

## V.
## AGENCY AND RESPONDEAT SUPERIOR

7.      At the time of the collision and the occurrence giving rise to this cause of action, Defendant Mamedov was an employee of Defendant Boskurt Transport.

8.      At the time of the collision, Defendant Boskurt Transport was, upon information and belief, an interstate carrier or federal motor carrier.

9.      At all times material hereto, Defendant Mamedov was acting within the course and scope of his employment or official duties for Defendant Boskurt Transport and in furtherance of the duties of his office or employment for Defendant Boskurt Transport.  Additionally, at all times relevant thereto, Defendant Mamedov was a permissive user of the subject tractor/trailer combination.

10.      Moreover, at the time of the collision and at all other times relevant hereto, Defendant Mamedov was operating under the authority of Defendant Boskurt Transport as an interstate carrier or federal motor carrier.

11.      Defendant Boskurt Transport, as the employer and motor carrier, is responsible for the negligent acts or omissions of Defendant Mamedov under the principles of respondeat superior and/or by virtue of statutory provisions, including the Federal Motor Carrier Safety Act.

## VI.
## NEGLIGENCE

12.      Plaintiff would show that, on the occasion in question, Defendants owed a duty to conduct themselves in a manner consistent with the traffic laws of the State of Texas and the United States and to act as a reasonably prudent person and/or entity would act.

13.      Defendant Mamedov breached his duties to Plaintiff and acted in a manner that was negligent or negligent per se by engaging in the following wrongful conduct:

3

EXHIBIT C-1

   a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

   b. Moving from his lane of travel when movement could not be safely made;

   c. Failing to take timely or proper evasive action to avoid the collision in question;

   d. Failing to maintain one lane of travel;

   e. Failing to pay proper attention; and

   f. Failing to control the subject vehicle so that a collision would not occur.

14.    Defendant Boskurt Transport had a duty to exercise ordinary care to hire, qualify, train and supervise Defendant Mamedov with respect to ensuring that he was and would continue to be a safe driver with knowledge of the matters necessary for the proper operation of the vehicle that he controlled.

15.    Defendant Boskurt Transport breached these duties because it knew or should have known that Defendant Mamedov was not a capable, qualified and knowledgeable driver.

16.    Defendant Boskurt Transport breached its duties because it failed to properly qualify Defendant Mamedov as a commercial motor vehicle operator.

17.    Defendant Boskurt Transport breached its duties because it failed to provide the necessary training for Defendant Mamedov to operate his vehicle in a safe manner and in conformity with the requirements of the law.

18.    Defendant Boskurt Transport breached its duties because it failed to supervise Defendant Mamedov and to adopt, implement and enforce safety policies and procedures to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

19.    Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the

EXHIBIT C-1

occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiff.

20.     Plaintiff would show that, as a proximate cause of Defendants' negligence, as described herein, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VII.
## DAMAGES

21.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. For a long time to come, if not for the rest of his life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish. Additionally, as a result of the incident, Plaintiff will incur reasonable and necessary medical expenses in the future. Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

22.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that he is seeking monetary relief in excess of $1,000,000.00.

23.     Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION
### TEMPORARY RESTRAINING ORDER

24.     Respondents/Defendants, Mamedov and Boskurt Transport have committed Wrongful Acts.

5

EXHIBIT C-1

25.     Movant/Plaintiff has filed suit in this matter, but Respondents/Defendants have yet to file an answer. Plaintiff's Original Petition is on file with this court and incorporated herein by reference. Plaintiff's Original Petition included claims for negligence on the part of Respondents/Defendants.

26.     Movant/Plaintiff Has a Probable Right to Relief.  This case involves serious and debilitating injuries sustained by the Plaintiff.  His injuries occurred through no fault of his own. The facts of this case will clearly demonstrate that the acts and/or omissions of the Respondents/Defendants caused the injuries to the Plaintiff.  As such, Movant/Plaintiff has a probable right to relief on the merits.

27.     Movant/Plaintiff Will Suffer Probable Injury if Injunctive Relief is Not Granted. The harm is imminent.  It is necessary to have Respondent/Defendants to preserve the subject vehicle in its correct state and location so Movant/Plaintiff's representatives can immediately inspect the vehicle, for the purpose of inspecting, measuring, surveying, photographing, videotaping, and examining the subject tractor/trailer combination in order to accumulate and preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Movant/Plaintiff's claim under applicable Texas laws.

28.     Movant/Plaintiff will sustain imminent and irreparable harm if the relief requested herein is not granted.  Movant/Plaintiff has been informed and believes, and on such information and belief, alleges that Respondents/Defendants and/or their respective agents, servants and/or employees have already begun their investigation of the incident made the basis of this lawsuit, that the subject tractor/trailer combination is not being preserved by any investigative authorities, and that material evidence may be lost, altered or destroyed.

EXHIBIT C-1

29.     The Probable Injury will be irreparable if injunctive relief is not granted.   If Respondents/Defendants are not prevented or denied from doing any additional investigation, repairs, testing or moving of evidence, Respondents/Defendants will likely engage in modifications, alterations, repairs or moving of evidence that will impair the development and prosecution of this case.

30.     It is critical to the investigation and proof of the Movant/Plaintiff's claims alleged herein and in Plaintiff's Original Petition incorporated by reference that he be allowed to inspect, measure, survey, photograph, videotape, examine the subject tractor/trailer combination prior to it being altered, moved, or destroyed.   Relief is requested in order to accumulate and preserve material evidence, which is necessary for the proper investigation and/or determination of the true facts and circumstances in question in connection with Movant/Plaintiff's claim.

31.     Movant/Plaintiff Has No Adequate Remedy at Law.   There is no legal remedy available to Movant/Plaintiff that will protect his rights and interests in this litigation if critical physical evidence is moved, lost, destroyed, or modified. There are no reliable methods of calculating damages to Movant/Plaintiff if such physical evidence is lost, destroyed, or modified.

32.     Movant/Plaintiff has acted timely and is willing to post a bond.   The undersigned law firm was recently hired by Movant/Plaintiff to prosecute the causes of action stated herein against Respondents/Defendants and have attempted to reach an agreement concerning the preservation of the subject tractor/trailer combination.

33.     Movant/Plaintiff believes that time is of the extreme essence in obtaining the relief requested herein and that, under this emergency situation, there is not enough time to serve notice on Respondents/Defendants and hold a hearing, although Movant/Plaintiff will make every

7

EXHIBIT C-1

reasonable effort to notify Respondents/Defendants of a hearing on their application for Temporary Restraining Order and/or Temporary Injunction.

## TEMPORARY INJUNCTION

34.    Movant/Plaintiff incorporates the foregoing paragraphs by reference as well as the original pleadings on file in this matter.

35.    Movant/Plaintiff hereby prays for a temporary injunction prohibiting the following acts by Respondents/Defendants until such time as may be ordered by the Court or agreed to by the parties:

a. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of the tractor/truck that was involved in the subject incident.

b. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of any and all of the remains of the vehicle and trailer, including tires, the engine electronic control module (ECM), tachograph, and any ancillary devices involved in the incident which occurred on January 26, 2020 or in any way from moving, repairing, testing, or altering such vehicle and its contents without notice to and consent of Plaintiffs;

c. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of any driver logs and records of duty status for the two years preceding the date of the incident;

d. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of any data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the truck involved in the incident for the day of the incident and the two years preceding the incident;

e. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of the actual electronic control module, black box, onboard computer, or other engine computer containing the data referred to in the preceding paragraph;

f. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of any computerized tracking information, including GPS and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the two (2) year period prior to the incident;

EXHIBIT C-1

g. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of any and all communication devices such as, but not limited to, cell phones and Qualcomm messaging systems, which were in possession of the driver and company personnel involved in the incident, including calls, text messages, SMS, MMS, emails, and any other uses of the communication devices; and

h. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of any data and video event recording technology data and records (such as SmartDrive or any other similar event recording system).

36.     Movant/Plaintiff is willing to post a bond.

37.     Movant/Plaintiff further requests that the Respondents/Defendants be cited to appear and show cause and that upon such hearing, a Temporary Injunction be issued enjoining the Respondents/Defendants, their respective agents, servants, employees, representatives or anyone acting at their direction or in concert with said Respondents/Defendants from altering, repairing, modifying, damaging, destroying, or in any way changing the condition of the subject tractor/trailer combination involved in the January 26, 2020 incident until at least such time as Movant/Plaintiff has a full opportunity to inspect, measure, survey, photograph, videotape, copy, download, and examine same and additionally for the duration of this litigation as necessary.

38.     Movant/Plaintiff further requests that after temporary injunction hearing, this Honorable Court issue a Temporary Injunction directing Respondents/Defendants, to allow Movant/Plaintiff and/or his representatives full and complete access to the subject tractor/trailer combination herewith and relevant to the incident.

## VIII.
## CONDITIONS PRECEDENT

39.     All conditions precedent have been performed or have occurred to support the Plaintiff's pleadings and causes of action.

EXHIBIT C-1

## IX.
## REQUESTS FOR DISCLOSURE

40.     Pursuant to Texas Rule of Civil Procedure 194, Defendants are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a-l).

## X.
## REQUEST FOR JURY TRIAL

41.     Plaintiff respectfully requests a trial by jury and has paid the jury fee.

**WHEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendants for:

a.     All medical expenses in the past and future;

b.     Mental anguish in the past and future;

c.     Physical pain in the past and future;

d.     Physical impairment in the past and future;

e.     Lost wages;

f.     Lost earning capacity;

g.     Disfigurement in the past and future;

h.     Pre- and post-judgment interest as allowed by law;

i.     Costs of suit; and

j.     Such other and further relief to which Plaintiff may be justly entitled.

10

EXHIBIT C-1

Respectfully Submitted,

**WYATT LAW FIRM, LTD.**
Oakwell Farms Business Center
21 Lynn Batts Lanes, Suite 10
San Antonio, Texas 78218
Tel.: (210) 340-5550
Fax: (210) 340-5581
E-service: e-serve@wyattlawfirm.com

By:     */s/ Paula A. Wyatt*
Paula A. Wyatt
State Bar No. 10541400
Gavin McInnis
State Bar No. 13679800
Louis Durbin
State Bar No. 24078448
**ATTORNEYS FOR PLAINTIFF**

11

EXHIBIT C-1

## VERIFICATION

**STATE OF TEXAS**

**COUNTY OF BEXAR_____**

    **BEFORE ME,** the undersigned Notary Public, on this day personally appeared Kimberly Boutte, who, after being duly sworn, stated under oath that she is the attorney for the Plaintiff in this action, that she has read the Application for Temporary Restraining Order; and that every statement contained in the motion is within her personal knowledge and is true and correct

_Kimberly Boutte_
**Kimberly Boutte**

**SWORN TO AND SUBSCRIBED BEFORE ME** on this **30** day of _March_ _____, 2020 to certify which witness my hand and seal of office.

CLAYTON DARNELL RAINEY
Notary Public, State of Texas
Comm Expires 04-16-2023
Notary ID 131873015

Notary Public, State of Texas

Page 1

EXHIBIT C-1

CAUSE NO. _____

| | | |
|---|---|---|
| NICOLAS A. FERRY, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| BILAL MAMEDOV AND | § | |
| BOSKURT TRANSPORT, INC., | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND SETTING OF TEMPORARY INJUNCTION HEARING

On the date written below came on to be considered Plaintiff's Application for Temporary Restraining Order. After reviewing the documents on file, the Court is of the opinion that it clearly appears that Plaintiff is entitled to a Temporary Restraining Order to immediately deter Defendant from altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of the subject vehicle involved in the incident that occurred on **January 26, 2020** and that if the commission of said acts is not immediately restrained, Plaintiff will suffer irreparable injury, to wit: destruction of relevant and material evidence regarding the prosecution of the personal injury claims of Plaintiff.

It is therefore ORDERED that Respondents/Defendants are hereby enjoined from altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of any material evidence related to the incident including:

  a. the tractor/truck that was involved in the subject incident.

  b. any and all of the remains of the vehicle and trailer, including tires, the engine electronic control module (ECM), tachograph, and any ancillary devices involved in the incident which occurred on January 26, 2020;

  c. any driver logs and records of duty status for the two years preceding the date of the incident;

1

EXHIBIT C-2

Unofficial Copy

d.  any data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the truck involved in the incident for the day of the incident and the two years preceding the incident;

e.  the actual electronic control module, black box, onboard computer, or other engine computer containing the data referred to in the preceding paragraph;

f.  any computerized tracking information, including GPS and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the two (2) year period prior to the incident;

g.  any and all communication devices such as, but not limited to, cell phones and Qualcomm messaging systems, which were in possession of the driver and company personnel involved in the incident, including calls, text messages, SMS, MMS, emails, and any other uses of the communication devices;

h.  any data and/or video event recording technology data and records (such as SmartDrive or any other similar event recording system).

It is further ORDERED that a hearing on Movant/Plaintiff's Application for a Temporary Injunction be set in the presiding court, Room 109 of the Bexar County Courthouse, on the _____ day of _____, 2020 at _____ ___.m.

It is further ORDERED that Respondent/Defendant be cited to appear and show cause why a Temporary Injunction should not be issued enjoining the Respondent/Defendant from altering, repairing, modifying, damaging, destroying, or in any way changing the condition of the subject vehicle, relevant to the incident, including that enumerated above and herein until at least such time as Movant/Plaintiff has a full opportunity to inspect, measure, survey, photograph, videotape, copy and examine same and additionally for the duration of this litigation as necessary.

It is further ORDERED that the Clerk shall forthwith on the filling by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this Order.  This Order shall not be effective unless and until Plaintiff execute and file with the Clerk a bond in conformity with the law, in the amount of  $_____.

2

EXHIBIT C-2

SIGNED this _____day of _____, 2020.


_____
JUDGE PRESIDING



APPROVED AS TO FORM

_____
Paula A. Wyatt
State Bar No. 10541400
Louis Durbin
State Bar No. 24078448
WYATT LAW FIRM, LTD.
21 Lynn Batts Lane, Ste. 10
San Antonio, TX. 78218
Telephone: (210) 340-5550
Facsimile: (210) 340-5581
e-serve@wyattlawfirm.com

3

EXHIBIT C-2

Unofficial Copy

FILED
5/5/2020 2:21 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Michael Yanas

PRIVATE PROCESS

Case Number: 2020-CI-06408



2020CI06408 S00001

**NICOLAS A FERRY**

**VS.**

**BOSKURT TRANSPORT INC ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   BOSKURT TRANSPORT INC

BY SERVING ITS REGISTERED AGENT, JEFFREY FULTZ

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION AND APPLCIATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION , a default judgment may be taken against you." Said ORIGINAL PETITION AND APPLCIATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION  was filed on the 30th day of March, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  6TH DAY OF APRIL A.D., 2020.

PAULA A WYATT
ATTORNEY FOR PLAINTIFF
21 LYNN BATTS LANE 10
SAN ANTONIO, TX 78218



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo*, Deputy

---

NICOLAS A FERRY
VS
BOSKURT TRANSPORT INC ET AL

**Officer's Return**

Case Number: 2020-CI-06408
Court: 285th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND APPLCIATION FOR  TEMPORARY  RESTRAINING  ORDER  AND  REQUEST  FOR  TEMPORARY  INJUNCTION  the  date  of  delivery  endorsed  on  it  to  the  defendant, _____,  in   person   on   the   _____  at  _____  o'clock  ___M

at _____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____

Declarant

RETURN TO COURT (DK002)

EXHIBIT C-3

Unofficial Copy

CAUSE NO. 2020-CI-06408

| | | |
|---|---|---|
| NICOLAS A FERRY | § | IN THE 285TH |
| | § | |
| Plaintiff, | § | |
| VS. | § | JUDICIAL DISTRICT COURT |
| | § | |
| BOSKURT TRANSPORT INC ET AL | § | |
| Defendant. | § | OF BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Clark R. Dickenscheidt** who, being by me duly sworn, deposed and said:

"The following came to hand on **Apr 8, 2020, 5:28 pm**,

**CITATION, PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION,**

and was executed at **10343 Sam Houston Park Dr, Houston, TX 77064** within the county of **Harris** at **12:59 PM** on **Fri, Apr 10 2020**, by delivering a true copy to the within named

**BOSKURT TRANSPORT INC BY DELIVERING TO ITS REGISTERED AGENT, JEFFREY FULTZ**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Clark R. Dickenscheidt
Certification Number: PSC# 2996
Certification Expiration: 08/31/2021

**BEFORE ME**, a Notary Public, on this day personally appeared **Clark R. Dickenscheidt**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON April 10, 2020

Notary Public, State of Texas

MEGAN E. DICKENSCHEIDT
ID #128903314
My Commission Expires
May 20, 2021

EXHIBIT C-3

Unofficial Copy

FILED
5/5/2020 2:21 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Michael Yanas

PRIVATE PROCESS

Case Number: 2020-CI-06408

2020CI06408   S00002

NICOLAS A FERRY

vs.

BOSKURT TRANSPORT INC ET AL

{Note:Attached Document May Contain Additional Litigants.}

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  BILAL MEMEDOV

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION AND APPLCIATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION , a default judgment may be taken against you." Said ORIGINAL PETITION AND APPLCIATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION  was filed on the 30th day of March, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 6TH DAY OF APRIL A.D., 2020.

PAULA A WYATT
ATTORNEY FOR PLAINTIFF
21 LYNN BATTS LANE 10
SAN ANTONIO, TX 78218



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo*, Deputy

| NICOLAS A FERRY VS BOSKURT TRANSPORT INC ET AL | **Officer's Return** | Case Number: 2020-CI-06408 Court: 285th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____ o'clock ___M and (  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND APPLCIATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION  the date of delivery endorsed on it to the defendant,

_____  in  person  on  the  _____ at _____ o'clock ___M

at_____ or ( ) not executed because _____

Fees :_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (1f not served by a peace officer) SWORN TO THIS_____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is

_____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

RETURN TO COURT (Dk002)

**SEE AFFIDAVIT ATTACHED**

EXHIBIT C-4

Unofficial Copy

CAUSE NO. 2020-CI-06408

| | | |
|---|---|---|
| NICOLAS A FERRY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | 285TH JUDICIAL DISTRICT |
| BOSKURT TRANSPORT INC ET AL | § | |
| Defendant. | § | |
| | § | BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared **Richard D Ramos** who, being by me duly sworn, deposed and said:

"The following came to hand on **April 8, 2020, 5:28 pm**,

CITATION AND PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION,

and was executed on **APRIL 16, 2020** by mailing to **BILAL MEMEDOV BY DELIVERING TO THE TEXAS TRANSPORTATION COMMISSION J. BRUCE BUGG JR.** at **125 E 11TH ST, AUSTIN, TX 78701-2409**, by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. **7017 1000 0000 4402 3641**, a true copy of this citation.

The regular mail envelope **WAS NOT** returned. PS Form 3811 was returned on **May 4, 2020** having been **SIGNED ON APRIL 16, 2020** and is attached hereto. (**Due to Covid USPS says this was delivered on April 16th but the office of The Texas Transportation Commission stamped the Green Card April 18 or 19, 2020 by Randall Tod)**

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Richard D. Ramos
Certification Number: PSC# 2051
Certification Expiration: 04/30/2022
Bexar County, Texas

**BEFORE ME,** a Notary Public, on this day personally appeared **Richard D. Ramos**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON May 4, 2020

Notary Public, State of Texas

TERESA M. RAMOS
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 04-18-2023
ID # 128587769

EXHIBIT C-4

Unofficial Copy



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Bilal Memedou by delivering
Chairman of the Texas Transportation upon THE
J. Bruce Buggtr.
125 E. 11TH Street
Austin Texas 78701

9590 9402 5642 9308 2059 05

2. Article Number (Transfer from service label)

7017 1000 0000 4402 3641

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Randall Tod_                    □ Agent
                                    □ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Randall Tod                       2020

D. Is delivery address different from Item 1?  □ Yes
   If YES, enter delivery address below:       □ No

upon THE
Transportation Commission

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ _____ all Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
□ Return Receipt (hardcopy)        $
□ Return Receipt (electronic)      $
□ Certified Mail Restricted Delivery $
□ Adult Signature Required         $
□ Adult Signature Restricted Delivery $

Postage
$                                  $2.00

Total Postage and Fees
$

Sent To
Bilal Memedou by delivering upon The

Street and Apt. No., or PO Box No.
125 E. 11TH St

City, State, ZIP+4®
Austin, TX  78701

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7017 1000 0000 4402 3641

APR 14 2020

EXHIBIT C-4

Unofficial Copy

# USPS Tracking®

FAQs >

## Track Another Package  +

Get the free Informed Delivery® feature to receive
automated notifications on your packages

**Track Packages
Anytime, Anywhere**

Learn More

(https://reg.usps.com

/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Tracking Number:** 70171000000044023641

Remove ✕

Your item was delivered at 6:50 am on April 16, 2020 in AUSTIN, TX 78714.

Feedback

## ✔ Delivered

April 16, 2020 at 6:50 am
Delivered
AUSTIN, TX 78714

## Get Updates ∨

### Text & Email Updates                                    ∨

### Tracking History                                         ∧

EXHIBIT C-4

Unofficial Copy

**April 16, 2020, 6:50 am**
Delivered
AUSTIN, TX 78714
Your item was delivered at 6:50 am on April 16, 2020 in AUSTIN, TX 78714.

**April 16, 2020, 3:29 am**
Arrived at Unit
AUSTIN, TX 78710

**April 15, 2020, 8:37 pm**
Departed USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

**April 15, 2020, 2:50 pm**
Arrived at USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

**April 15, 2020**
In Transit to Next Facility

**April 14, 2020, 10:22 pm**
Arrived at USPS Regional Facility
SAN ANTONIO TX DISTRIBUTION CENTER

**April 14, 2020, 5:53 pm**
Departed Post Office
SAN ANTONIO, TX 78204

**April 14, 2020, 11:17 am**
USPS in possession of item
SAN ANTONIO, TX 78204

Feedback

**Product Information**                                           ⌄

EXHIBIT C-4

Unofficial Copy

FILED
5/8/2020 2:56 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Leticia Leija

Case 5:20-cv-00592   Document 1   Filed 05/15/20   Page 31 of 41

## CAUSE NO. 2020CI06408

| | | |
|---|---|---|
| **NICOLAS A. FERRY** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **285TH JUDICIAL DISTRICT** |
| | § | |
| **BILAL MAMEDOV AND** | § | |
| **BOSKURT TRANSPORT, INC.** | § | |
| *Defendants.* | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, <u>JURY DEMAND AND REQUEST FOR DISCLOSURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now come BILAL MAMEDOV AND BOSKURT TRANSPORT, INC., Defendants in the above entitled and numbered cause, and do make and file this their *Original Answer to Plaintiff's Original Petition and Application for Temporary Restraining Order, Jury Demand and Request for Disclosure*, and for same would respectfully show the Court as follows:

### I.
### <u>DISCOVERY, PARTIES, AND VENUE ADMISSIONS AND DENIALS</u>

1.      Under Section 1, paragraph 1 of Plaintiff's Original Petition, Defendants do not dispute the level of discovery proposed, but deny discovery should be conducted under the Texas Rules of Civil Procedure.

2.      Under Section II, paragraph 1 of Plaintiff's Original Petition, Defendants are without sufficient information to admit or deny that Plaintiff, Nicolas A. Ferry, is a resident of San Antonio, Bexar County, Texas.

3.      Under Section II, paragraph 2 of Plaintiff's Original Petition, Defendant Bilal Mamedov is a proper party and resident of Louisville, Kentucky.

EXHIBIT C-5

4.      Under Section II, paragraph 4 of Plaintiff's Original Petition, Defendant Boskurt Transport, Inc. is a proper party to suit. Defendant Boskurt Transport is a Kentucky company with its principal place of business in Louisville, Kentucky.

5.      Under Section III., paragraph 5 of Plaintiff's Original Petition, Defendants do not dispute State court jurisdiction and venue, but maintain diversity exists that also makes Federal subject matter jurisdiction appropriate as well.

**II.**
**FACTUAL ALLEGATIONS AND DENIALS**

6.      Under Section IV., paragraph 6 of Plaintiff's Original Petition, Defendants admit that Defendant Mamedov was operating a 2018 Kwic-Loc tractor/trailer combination, owned and operated on behalf of Defendant Boskurt Transport, but deny the remaining factual allegations of this paragraph.

**III.**
**AGENCY AND RESPONDEAT SUPERIOR ALLEGATIONS AND DENIALS**

7.      Under Section V., paragraph 7 of Plaintiff's Original Petition, Defendants admit the factual allegations contained therein.

8.      Under Section V., paragraph 8 of Plaintiff's Original Petition, Defendants admit the factual allegations contained therein.

9.      Under Section V., paragraph 9 of Plaintiff's Original Petition, Defendants admit the factual allegations contained therein.

10.     Under Section V., paragraph 10 of Plaintiff's Original Petition, Defendants admit the factual allegations contained therein.

11.     Under Section V., paragraph 11 of Plaintiff's Original Petition, Defendants deny the allegations contained therein.

EXHIBIT C-5

# IV.
## NEGLIGENCE ALLEGATIONS AND DENIALS

12.      Under Section VI., paragraph 12 of Plaintiff's Original Petition, Defendants deny they owed a duty to Plaintiff.

13.      Under Section VI., paragraph 13 of Plaintiff's Original Petition, Defendants deny Defendant Mamedov breached his duties to Plaintiff and was negligent and negligent per se.

14.      Under Section VI., paragraph 13a. of Plaintiff's Original Petition, Defendants deny Defendant Mamedov failed to keep a proper lookout.

15.      Under Section VI., paragraph 13b. of Plaintiff's Original Petition, Defendants deny Defendant Mamedov moved from his lane of travel when it could not be safely made.

16.      Under Section VI., paragraph 13c. of Plaintiff's Original Petition, Defendants deny Defendant Mamedov failed to take timely or proper evasive action to avoid the collision in question.

17.      Under Section VI., paragraph 13d. of Plaintiff's Original Petition, Defendants deny Defendant Mamedov failed to maintain one lane of travel.

18.      Under Section VI., paragraph 13e. of Plaintiff's Original Petition, Defendants deny Defendant Mamedov failed to pay proper attention.

19.      Under Section VI., paragraph 13f. of Plaintiff's Original Petition, Defendants deny Defendant Mamedov failed to control the subject vehicle so that a collision would not occur.

20.      Under Section VI., paragraph 14 of Plaintiff's Original Petition, Defendants are without sufficient information to admit or deny Plaintiff's allegations contained therein, but deny they were negligent.

EXHIBIT C-5

21.     Under Section VI., paragraph 15 of Plaintiff's Original Petition, Defendants deny Defendant Boskurt Transport breached any duties alleged by Plaintiff and deny it knew or should have known that Defendant Mamedov was not a capable, qualified and knowledgeable driver.

22.     Under Section VI., paragraph 16 of Plaintiff's Original Petition, Defendants deny Defendant Boskurt Transport breached any duties alleged by Plaintiff and deny it failed to properly qualify Defendant Mamedov as a commercial motor vehicle operator.

23.     Under Section VI., paragraph 17 of Plaintiff's Original Petition, Defendants deny Defendant Boskurt Transport breached any duties alleged by Plaintiff and deny it failed to provide necessary training for Defendant Mamedov to operate his vehicle in a safe manner and in conformity with the requirements of the law.

24.     Under Section VI., paragraph 18 of Plaintiff's Original Petition, Defendants deny Defendant Boskurt Transport breached any duties alleged by Plaintiff and deny it failed to supervise Defendant Mamedov and to adopt, implement and enforce safety policies and procedures to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

25.     Under Section VI., paragraph 19 of Plaintiff's Original Petition, Defendants deny they were negligent and/or negligent per se and that any acts or omissions on their part proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages allegedly sustained by Plaintiff.

26.     Under Section VI., paragraph 20 of Plaintiff's Original Petition, Defendants deny Defendants were negligent and a proximate cause of Plaintiff's alleged damages, but Defendants are without sufficient information to admit or deny that Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

## V.
## <u>DAMAGES ALLEGATIONS AND DENIALS</u>

27.     Under Section VII., paragraph 21 of Plaintiff's Original Petition, Defendants deny they were negligent and a direct and proximate cause of Plaintiff's alleged damages. Defendants are without sufficient information to admit or deny Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care of his alleged injuries. Defendants are without sufficient information to admit or deny Plaintiff's alleged injuries will continue into the future. Defendants are without sufficient information to admit or deny Plaintiff will incur future medical expenses. Defendants are without sufficient information to admit or deny Plaintiff's alleged amount of damages exceeds the minimum jurisdictional limit of this Court.

28.     Under Section VII., paragraph 22 of Plaintiff's Original Petition, Defendants do not deny Plaintiff is seeking monetary relief in excess of $1,00,000.00.

29.     Under Section VII., paragraph 23 of Plaintiff's Original Petition, Defendants deny Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## VI.
## DENIALS TO APPLICATION FOR TEMPORARY RESTRAINING ORDER
## <u>AND INJUNCTION</u>

30.     Under Section <u>Temporary Restraining Order</u>, Defendants deny the allegations contained in paragraph 24 of Plaintiff's Original Petition.

31.     Under Section <u>Temporary Restraining Order</u>, Defendants do not deny the allegations contained in paragraph 25 of Plaintiff's Original Petition.

32.     Under Section <u>Temporary Restraining Order</u>, Defendants deny the allegations contained in paragraph 26 of Plaintiff's Original Petition.

EXHIBIT C-5

33.     Under Section <u>Temporary Restraining Order</u>, Defendants deny the allegations contained in paragraph 27 of Plaintiff's Original Petition.

34.     Under Section <u>Temporary Restraining Order</u>, Defendants deny the allegations contained in paragraph 28 of Plaintiff's Original Petition.

35.     Under Section <u>Temporary Restraining Order</u>, Defendants deny the allegations contained in paragraph 29 of Plaintiff's Original Petition.

36.     Under Section <u>Temporary Restraining Order</u>, Defendants deny the allegations contained in paragraph 30 of Plaintiff's Original Petition.

37.     Under Section <u>Temporary Restraining Order</u>, Defendants deny the allegations contained in paragraph 31 of Plaintiff's Original Petition.

38.     Under Section <u>Temporary Restraining Order</u>, Defendants deny the allegations contained in paragraph 32 of Plaintiff's Original Petition.

39.     Under Section <u>Temporary Restraining Order</u>, Defendants deny the allegations contained in paragraph 33 of Plaintiff's Original Petition.

40.     Under Section <u>Temporary Injunction</u>, there are no factual allegations contained in Paragraphs 35–38 of Plaintiff's Original Petition, and therefore, no responsive pleading is required. To the extent response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief it is seeking by way of a Temporary Injunction.

**VII.**
**<u>CONDITIONS PRECEDENT AND DENIALS</u>**

41.     Under Section VIII., paragraph 39 of Plaintiff's Original Petition, Defendants deny all conditions precedent have been performed or have occurred to support Plaintiff's pleadings and causes of action.

**VIII.**
**REQUEST FOR JURY TRIAL**

42.     Under Section X., paragraph 41 of Plaintiff's Original Petition, Defendants admit that trial of this matter should be by jury.

**IX.**
**AFFIRMATIVE DEFENSES**

43.     Defendants allege by way of affirmative defense, and without waiver of the foregoing, that Plaintiff's own negligent act and/or omissions were the sole and/or proximate cause of Plaintiff's alleged injuries or damages. Therefore, Defendant asserts Plaintiff's own proportionate responsibility and contributory negligence should be submitted to the jury for apportionment of fault.

44.     Defendants deny that Plaintiff is entitled to any recovery. Defendants further pray for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to any matter pertaining to the claims asserted by Plaintiff in Plaintiff's Original Petition.

45.     Defendants further allege by way of affirmative defense, and without waiver of the foregoing that Plaintiff's recovery of medical or health care expenses, if any, incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to § 41.0105 of the Texas Civil Practice & Remedies Code.

**IX.**
**REQUEST FOR DISCLOSURE**

46.     Pursuant to TEX. R. CIV. P. 194.2, Defendants hereby propound Request for Disclosure on Plaintiff, Nicolas A. Ferry.

# IX.
## JURY DEMAND

47.     Defendants hereby demand a jury. The jury fee is being paid contemporaneously with the filing of this Answer

WHEREFORE, PREMISES CONSIDERED, these Defendants, BILAL MAMEDOV AND BOSKURT TRANSPORT, INC. pray their answer be deemed good and sufficient, and all claims by Plaintiff against these Defendants be dismissed, with prejudice, and for such other and further relief, legal and equitable, be awarded to this Defendant.

Respectfully submitted,

**PLUNKETT, GRIESENBECK & MIMARI, INC.**
1635 N. E. Loop 410, Suite 900
San Antonio, Texas 78209
Telephone:  (210) 734-7092
Telecopier:  (210) 734-0379
Email:  nmimari@pg-law.com
Email:  hdominguez@pg-law.com

**NIK A. MIMARI**
State Bar No. 24013169
**HANNAH M. DOMINGUEZ**
State Bar No. 24096271

**ATTORNEYS FOR DEFENDANTS**

EXHIBIT C-5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *Defendants' Original Answer to Plaintiffs' Original Petition and Application for Temporary Restraining Order for Jury Demand and Request for Disclosure* sent by electronic service and electronic mail to the following counsel of record, on this the 8th day of May, 2020:

> Paula A. Wyatt
> Gavin McInnis
> Louis Durbin
> WYATT LAW FIRM, LTD
> Oakwell Farms Business Center
> 21 Lynn Batts Lanes, Suite 10
> San Antonio, TX 78218

_____
**Hannah M. Dominguez**

EXHIBIT C-5

CAUSE NO. 2020CI06408

| | | |
|---|---|---|
| NICOLAS A. FERRY | § | IN THE DISTRICT COURT |
|    *Plaintiff,* | § | |
| | § | |
| **v.** | § | 285TH JUDICIAL DISTRICT |
| | § | |
| BILAL MAMEDOV AND | § | |
| BOSKURT TRANSPORT, INC. | § | |
|    *Defendants.* | § | BEXAR COUNTY, TEXAS |

## NOTICE OF REMOVAL OF STATE COURT ACTION

PLEASE TAKE NOTICE that Defendant Bilal Mamedov filed with the clerk of the United States District Court for the Western District of Texas, San Antonio Division, a Notice of Removal, a copy of which is attached to and filed with this notice.  This action is therefore removed to the United States District Court, Western District of Texas, San Antonio Division as of May 15, 2020. Defendant respectfully requests that this Court take no further action in this case unless the case is remanded by order of the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

PLUNKETT, GRIESENBECK & MIMARI, INC.
1635 N.E. Loop 410, Suite 900
San Antonio, Texas 78209
Telephone:  (210) 734-7092
Facsimile:  (210) 734-0379
Email: nmimari@pg-law.com
Email: hdominguez@pg-law.com

NIK A. MIMARI
State Bar No. 24013169
HANNAH M. DOMINGUEZ
State Bar No. 24096271

ATTORNEYS FOR DEFENDANT

EXHIBIT D

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of *Notice of Removal of State Court Action* was served via the Court's EC/MCF electronic filing services, certified mail, return, receipt requested, facsimile and/or electronic mail on the following counsel on this the 15th day of May 2020:

Paula A. Wyatt                                                                     e-serve@wyattlawfirm.com
Gavin McInnis
Louis Durbin
Wyatt Law Firm, LTD
Oakwell Farms Business Center
21 Lynn Batts Lanes, Suite 10
San Antonio, TX 78218


_____

**Nik A. Mimari**